UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JODI R. BLAIR TURNTINE, *et al.,* )<br>)<br>Defendants. ) | Case No. 4:14CV00989 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Jodi R. Blair Turntine's and PitStop Sports Bar LLC's Motion to Dismiss [ECF No. 31] and Defendant Gary S. Blair's Motion to Dismiss [ECF No. 33].

**I.     BACKGROUND**

On May 27, 2014, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed a Complaint, seeking statutory damages pursuant to 47 U.S.C. §§ 605 and 553, against Defendants Pit Stop Sports Bar, LLC, d/b/a Pit Stop ("Pit Stop"); Jodi R. Blair Turntine ("Turntine"); and Gary S. Blair ("Blair") [ECF No. 1]. Plaintiff sued Turntine and Blair individually, and as officers, directors, shareholders, or principals of Pit Stop. In its Complaint, Plaintiff alleges it has distribution rights to a certain Ultimate Fighting Championship broadcast, "UFC 128: Shogun v. Jones." Plaintiff further alleges Pit Stop violated the Federal Communications Act by intercepting and exhibiting, without authorization, a production of the broadcast by some undetermined method. Plaintiff requests statutory penalties of up to $110,000 as to each defendant, for violations of 47 U.S.C. § 605(a); or alternatively, statutory penalties of up to $60,000 as to each defendant, for violations of

1

47 U.S.C. § 553. Plaintiff also asks for an award of attorney's fees, interests, and costs.

Summonses were issued to Defendants on May 29, 2014, to be served by a special process server. On July 14, 2014, Plaintiff filed an "Affidavit of Service" for each named defendant [ECF Nos. 5, 6]. In these affidavits, the special process server reported that, on June 25, 2014, he served the Summons and Complaint on Turntine by personal service at Pit Stop; on Blair by serving Turntine for Blair at Pit Stop as alternative service; and on Pit Stop by personal service at Pit Stop [ECF No. 5]. On July 15, 2014, the Clerk contacted Plaintiff, requesting it to file the sealed summons originally issued for each defendant.

On July 31, 2014, Plaintiff filed with the Clerk a Request to Enter Default against Defendants, for failure to appear or otherwise respond within the time prescribed by the Federal Rules of Civil Procedure [ECF No. 6]. In support of this request, Plaintiff re-submitted the three Affidavits of Service, and submitted one unexecuted copy of a Western District of Missouri form summons addressed to Turntine [ECF Nos. 7-2, 7-3]. A Clerk's Entry of Default was entered on August 5, and the case was thereafter reassigned from the magistrate to this Court on August 6, 2014 [ECF Nos. 9, 10]. On August 7, 2014, the Court directed Plaintiff to file, for the Court's consideration, a Motion for Default Judgment, supported by all necessary affidavits and documentation, and a proposed Order [ECF No. 11].

Plaintiff filed its "Motion for Judgment Against Defendants" on August 14, 2014 [ECF No. 12]. In support of its Motion, Plaintiff submitted a Declaration of its counsel; an Affidavit executed by Plaintiffs's president; an "UFC Piracy Affidavit" signed by a private investigator from New York; pictures; a Memorandum of Points and Authorities; a "Rate Card" for UFC productions; and a significantly redacted copy of a Distributorship Agreement between Plaintiff and Zuffa, LLC, d/b/a the Ultimate Fighting Championship [ECF Nos. 12-1 through 12-8].

The Court issued an Order of Hearing on August 18, 2014, directing Plaintiff's counsel, Turntine, and Blair to appear for Default Hearing on September 17, 2014, and putting Defendants on notice of the likelihood of judgment being entered against them should they fail to appear [ECF No. 13]. On September 5, the Court granted "Plaintiff's Motion to Appear Telephonically at Plaintiff's Motion Hearing" [ECF Nos. 15, 16]. On September 15, 2014, counsel entered appearance on behalf of Turntine and Pit Stop, and filed a Motion to Set Aside Default the following day [ECF Nos. 17-19]. In their Motion to Set Aside Default, Turntine and Pit Stop claimed good cause existed to allow Defendants to adjudicate the claims on the merits, including the existence of meritorious defenses, in that the statute of limitations on the claims elapsed prior to the filing of the Complaint; the reason for their delay was inadvertent, as Defendants were not served with the summons; and the lack of significant prejudice to Plaintiff that would inhibit its ability to prosecute the action [ECF No. 21].

On September 16, 2014, Plaintiff filed copies of executed returns on the Summons [ECF Nos. 22-24]. On that same date, this Court granted the Motion to Set Aside Default as to Turntine and Pit Stop, instructing those defendants to answer or otherwise respond to the Complaint no later than September 23, 2014 [ECF No. 25]. Thereafter, counsel entered, for a special and limited appearance, on behalf of Defendant Blair, filing a Motion to Set Aside Default [ECF No. 28], which the Court granted on September 16, 2014 [ECF NO. 30]. Turntine and Pitstop filed the present Motion to Dismiss on September 24, 2014 [ECF Nos. 31, 32]. Blair filed his Motion to Dismiss on October 7, 2014 [ECF Nos. 33, 34].

## II.   LEGAL STANDARD

A party may move under Rule 12(b)(6) to dismiss a complaint for "fail[ing] to state a claim

upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test "the sufficiency of a complaint[.]" *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

### III. STATEMENT OF FACTS

For purposes of these Motions to Dismiss, the following pertinent facts, as alleged in Plaintiff's Complaint [ECF No. 1], contained in exhibits incorporated therein, and contained in two affidavits Plaintiff offered in support of his Motion for Default Judgment,[1] are accepted as true.

By contract, Plaintiff was granted the right to distribute the UFC 128: Shogun v. Jones Broadcast, including all undercard bouts and the entire television broadcast, scheduled for March 19, 2011, (hereinafter referred to as the "Broadcast"), via closed circuit television and via encrypted satellite signal. The Broadcast originated via satellite uplink and was subsequently retransmitted to cable systems and satellite companies via satellite signal. Pursuant to the contract, Plaintiff entered into subsequent agreements with various Missouri entities, allowing them to publicly exhibit the Broadcast to their patrons.

Simultaneously with the advent of pay-per-view programming, Plaintiff began to experience serious erosion in the sales of its own proprietary programming to its commercial customers. It determined from its customers that the cause of the erosion of its customer basis was the piracy of its broadcasts by unauthorized and unlicensed establishments. In response, Plaintiff embarked upon a nationwide program to police its signals for the purpose of identifying and prosecuting commercial establishments pirating its programming. Specifically, Plaintiff retained auditors and law enforcement personnel to detect and identify signal pirates. One of these auditors observed the defendants exhibiting the Broadcast at Pit Stop on March 19, 2011 via two television sets to twenty-six patrons.

---

[1] The affidavits, which Plaintiff offered in support of his Motion to Dismiss, may be viewed at attachments to his Complaint, as they are necessarily embraced by the pleadings. *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 n.4 (district court may sometimes consider materials outside the pleadings, such as materials necessarily embraced by the pleadings and exhibits attached to the complaint; holding writings offered at and after hearing could be viewed as attachments to the plaintiff's complaint and as the contracts upon which his claim rested, they were embraced by the pleadings).

Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Turntine, Pit Stop, Blair, or others acting on their behalf, used an illegal satellite receiver, intercepted Plaintiff's Broadcast, or used a device to intercept the Broadcast; and then retransmitted the Broadcast via satellite or microwave signal to various cable and satellite systems. Upon information and belief, Turntine, Pit Stop, Blair, or others acting on their behalf, with full knowledge the Broadcast was not to be received and exhibited by entities unauthorized to do so, willfully and for purposes of direct or indirect commercial advantage or private financial gain, exhibited the Broadcast at the Pit Stop Sports Bar, located in Blackwell, Missouri, at the time of the Broadcast's transmission on March 19, 2011.

## IV. DISCUSSION

In their Motions to Dismiss, Turntine, Pit Stop, and Blair claim Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted, because the two causes of action it asserts, alleging violations of 47 U.S.C. §§ 553 and 605, are barred by a three-year statute of limitations under both federal and Missouri law [ECF No. 32, 34]. Additionally, Blair claims Plaintiff's Complaint must be dismissed for insufficient service of process on Blair [ECF No.34]. The Court agrees.

### A. *Statute of Limitations*

Neither of the statutes Turntine, Pit Stop, and Blair allegedly violated contain a statute of limitations. *See* 47 U.S.C. §§ 553, 605. When a federal statute fails to provide any limitations period for the cause of action it creates, our courts look to analogous state statutes to borrow a period limitation for the claim. *See N. Star Steel Co. v. Thomas*, 515 U.S. 29, 33-34 (1995). The most closely analogous Missouri statute for this section of the Communications Act is Missouri Revised Statute 516.130, which provides a three-year limitation for "[a]n action upon a statute for

6

a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state." Mo. Rev. Stat. 516.130(2). The Eighth Circuit, when determining the timeliness of a cause of action brought by a cable television service provider against a corporate seller of cable descrambler devices, has assumed, without deciding, that the three-year-limitation contained in the Copyright Act, 17 U.S.C, § 507(b) applied to an alleged violation of 47 U.S.C. § 553. *Comcast of Ill. X v. Multi-Vision Electronics, Inc.*, 491 F.3d 938, 943 (8th Cir. 2007) (noting it need not choose between the federal copyright law or state law because the state antipiracy statute had an 18-month limitations period). Because each of these possibilities provides an identical limitations period, this Court need not select which one to apply. Plaintiff's cause of action accrued and the statute of limitations began to run when the Plaintiff discovered the injury alleged as the basis of this litigation. *See Comcast of Ill. X*, 491 F.3d at 944. Plaintiff discovered its injury when the alleged violation occurred March 19, 2011. Plaintiff filed its Complaint against defendants on May 27, 2014, more than three years after accrual of its cause of action. Under either limitations period, Plaintiff's action is untimely filed. The Court will grant the Motion to Dismiss.

### B.    *Insufficient Service of Process*

All three defendants were served on June 25, 2014, through service of process on Turntine at 21775 N. State Highway 21, Blackwell, Missouri, which is the principal place of business of PitStop [ECF No. 5]. Service on an individual must be accomplished by following state law for serving a summons, delivering a copy of the summons and complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode, or delivering a copy to an agent authorized by appointment or by law to receive service. Fed. R. Civ. Pro. (4)(e). Missouri State Civil Procedure requires personal service be made under the same circumstances as federal civil procedure. Mo. R. Civ. Pro. 54.13. Plaintiff failed to obtain service of process as allowed under

either rule.  Blair was not served at his dwelling or usual place of abode, he was not served personally, nor was an authorized agent served.  The Court will grant the Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Jodi R. Blair Turntine's and PitStop Sports Bar LLC's Motion to Dismiss [ECF No. 31] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Gary S. Blair's Motion to Dismiss [ECF No. 33] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [ECF No. 1] is **DISMISSED for lack of subject matter jurisdiction.**

So Ordered this 14th Day of October, 2014.

      **E. RICHARD WEBBER**
      **SENIOR UNITED STATES DISTRICT JUDGE**